# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10 CR 29-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JEREMY J. HUDSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#42) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his prehearing release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Anthony A. Coxie, and the Government was present through Assistant United States Attorney, Davie Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence.

On September 22, 2014 the United States Probation Office filed a Petition

(#33) that presented allegations that Defendant had violated terms and conditions of his supervised release. After conducting an initial appearance hearing for Defendant, the undersigned, on October 1, 2014, entered an Order (#38) releasing Defendant on a $25,000 unsecured bond and setting further conditions of release which included the following:

> (1) The defendant must not violate any federal, state or local law while on release.
>
> (8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On December 23, 2014, Defendant submitted to an urinalysis drug test which yielded a positive result for the Defendant's use of methamphetamines, hydromorphone and morphine. On January 13, 2015, Defendant admitted he had used a "speed ball" which contained methamphetamines and other unknown prescription medications on December 21, 2014.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a

Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal and a state crime while on release. Defendant violated federal and state law when he consumed methamphetamine. The consumption of methamphetamine is a misdemeanor under federal law. 21 U.S.C. § 844. The consumption of methamphetamine is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact there is probable cause to believe that Defendant has committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that Defendant would not pose a danger to the safety of any other person or the community.

There has been shown by clear and convincing evidence that Defendant

violated the condition of release that ordered that he refrain from use or unlawful possession of a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner. Defendant has clearly violated this condition by using and possessing methamphetamine which is a drug which is not prescribed by any licensed medical practitioner.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. The undersigned has also considered all the factors as set forth under 18 U.S.C. § 3142(g). It appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: January 22, 2015

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge